IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN F. MULLIN and DIANE L. MULLIN, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Delaware corporation,<br><br>Defendant, | MEMORANDUM DECISION AND ORDER ORDER GRANTING PLAINTIFFS' RENEWAL OF MOTION TO ALTER AND AMEND JUDGMENT<br><br><br><br>Case No. 2:05-CV-971 TS |

 Before the Court is Plaintiffs' Renewal of Motion to Alter and Amend Judgment.

 Plaintiffs filed this action seeking a determination of Defendant's obligation to pay a judgment against its insured, High Mountain LLC, in the case of *Mullin v. High Mountain, LLC* (hereinafter "prior action").[1]  In the prior action, judgment was entered in favor of Plaintiffs and against High Mountain in the following amounts: (1) $120,017.64, representing the sum total of Plaintiffs' actual damages as plead in their Complaint; (2) $11,377.01 representing interest on the above amounts at the legal prejudgment rate of 10% per annum from January 1, 2003, through

---

[1] Case No. 2:03-CV-952 DS.

January 8, 2004; (3) $251.72, representing Plaintiffs' costs in bringing that action; and (4) $2,666.00, representing Plaintiffs' attorneys' fees incurred to date.

Plaintiffs then brought this action against Defendant and summary judgment was issued in favor of Plaintiffs and against Defendant on March 26, 2007.[2] The Court, in its Order, stated that "judgment will issue in favor of Plaintiffs and against Defendant for the amounts pleaded in the Amended Complaint in this case and awarded in the default judgment in the related case (Civil No. 2:03-CV-952 DS)."[3] Judgment was entered the following day "in favor of the plaintiffs against the defendant in the amount of $134,312.37 which represents the amount of the default judgment entered in Mullin v. High Country, 2:03cv952 DS."[4]

On April 4, 2007, Plaintiffs filed a Motion to Alter and Amend Judgment[5] seeking an additional $16,274.20, representing post-judgment interest from January 8, 2004, through the filing of the Motion to Alter and Amend. Plaintiffs also seek $31,380.63 in attorney's fees and costs incurred by Plaintiffs in collection costs. On July 18, 2007, the Court deferred consideration of the Motion until Judge Sam had an opportunity to determine whether the judgment awarded in the prior action should be amended.[6] Judge Sam has now supplemented the judgment in the prior action, granting Plaintiffs' request for an additional $16,274.20 in post-judgment interest and $31,380.63 in attorney's fees.

---

[2]Docket No. 51.

[3]*Id*. at 10.

[4]Docket No. 52.

[5]Docket No. 53.

[6]Docket No. 70.

Pursuant to the terms of the policy between Defendant and High Mountain, LLC, the Court's order on summary judgment, and Judge Sam's order supplementing Plaintiffs' judgment against High Mountain in the prior action, Plaintiffs' renewed Motion will be granted. Defendant's arguments in opposition are unavailing. The Court finds that Plaintiff's Motion is timely since the Court deferred ruling on the issue until Judge Sam had ruled in the prior action. Thus, the Court does not treat Plaintiff's renewed Motion as a new motion, but rather a supplement to its previous timely motion. Defendant's additional arguments were matters for Judge Sam to decide in the prior action. Judge Sam, by issuing an Order Supplementing Judgment, has apparently rejected those arguments.

It is therefore

ORDERED that Plaintiffs' Renewal of Motion to Alter and Amend Judgment (Docket No. 71) is GRANTED. The Clerk of the Court is directed to amend the Judgment to include $16,274.20 in post-judgment interest and $31,380.63 in attorney's fees.

DATED September 11, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge